# UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

---

## No. 01-50198

---

**IN THE MATTER OF: I G SERVICES, LTD.,**

**Debtors.**

**IWG HOLDINGS, LTD.; RIO MANAGEMENT, INC.; INVERWORLD, LTD.,**

**Appellants,**

**v.**

**LEN B. BLACKWELL,**

**Appellee.**

---

### Appeal from the United States District Court for the Western District of Texas
(SA-01-CV-119)

---

August 15, 2001

Before DAVIS and JONES, Circuit Judges, and BARBOUR,[*] District Judge.

PER CURIAM:[**]

The appellants styled this appeal as an "emergency appeal" from an order tentatively rejecting their attempt to assert privilege over the documents at issue. The appellants should have styled this as a request for mandamus, and under the circumstances

---

[*] District Judge of the Southern District of Mississippi, sitting by designation.

[**] Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

of this case we will treat it as such. Mandamus is "an extraordinary remedy reserved for extraordinary cases." In re: Occidental Petroleum Corp., 217 F.3d 293, 295 (5th Cir.2000) (denying mandamus relief where the petitioners asserted that documents were privileged). To obtain a writ of mandamus in this case, the appellants "must show not only that the [bankruptcy] court erred, but that it clearly and indisputably erred." Id.

The court has carefully considered this appeal in light of the briefs, oral argument, and pertinent portions of the record. Having done so, we conclude that the bankruptcy court did not clearly and indisputably err in admitting evidence submitted by Blackwell or excluding appellants' evidence for the purpose of preliminarily determining the parties' discovery dispute over the subpoena. Further, Blackwell did not waive his right to assert control over the privileges and documents of Rio Management, Inc. ("Rio") and Inverworld, Ltd. ("Inverworld") by virtue of his actions in the subpoena proceeding in the Southern District of New York. Finally, in light of its evidentiary rulings, the bankruptcy court's preliminary determination that Blackwell controls the documents and privileges of Rio and Inverworld for purposes of enforcing the subpoena was not clearly and indisputably erroneous.

The bankruptcy court's ruling makes clear, and we agree, that it does not finally adjudicate for any purpose the question of

2

who or what entity controls Rio and IW, Ltd., and further, that it does not prematurely resolve any specific claims of privilege or waiver thereof concerning the documents.

The petition, construed as seeking mandamus relief, is **DENIED**.